UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACQUES L. SOUDELIER | CIVIL ACTION |
| VERSUS | NO. 22-2436 |
| DEPARTMENT OF STATE LOUISIANA ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Plaintiff Jacques L. Soudelier moves *pro se* for a temporary restraining order ("TRO").[1] For the following reasons, the Court denies plaintiff's motion.

I.     **BACKGROUND**

On August 19, 2022, plaintiff moved, in his capacity as a citizen of Louisiana, for a TRO "to preserve the integrity of Louisiana elections and the voting systems and machines purchased and used for Louisiana elections."[2] Plaintiff asserts violations of the Louisiana Election Code, the Help America Vote Act ("HAVA"), and the Federal Election Records law against the Louisiana Department of State and Secretary of State

---

[1]     R. Doc. 4.
[2]     *Id.* at 7.

Kyle Ardoin.[3] Plaintiff also contends that he "seeks redress for the abuse and devastation of his Constitutional rights and protections from our elected officials."[4]

In support of his claims, plaintiff alleges various defects in the certification of voting systems used in Louisiana elections, including the wrongful certification of voting systems that were vulnerable to hacking.[5] Plaintiff seeks, among other things, a TRO that orders "that none of the voting machines in the state be used for another election," that "the electronic voting system be replaced with paper ballots," and "that none of the data and information of the voting systems and equipment from the 2020 general elections be tampered with, nor deleted."[6]

## II. DISCUSSION

A party can obtain a TRO only if the court finds that the party shows: (1) there is a substantial likelihood that the movant will prevail

---

3     *Id.* at 6.
4     *Id.* at 7.
5     *Id.* at 10, 13.
6     *Id.* at 19.

on the merits; (2) there is a substantial threat that irreparable harm to the movant will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction or the temporary restraining order will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The party seeking a TRO bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009).

The Court finds that plaintiff fails to make a plausible showing of a likelihood of success on the merits. "To show a likelihood of success, the plaintiff must present a *prima facie* case, but need not prove that he is entitled to summary judgment." *Daniels Health Scis., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). To assess the likelihood of success on the merits, the Court looks to "standards provided by the substantive law." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990).

Plaintiff's motion fails because the statutes under which plaintiff seeks relief do not confer private rights of action. "HAVA does not create a private right of action." *Texas Voters All. V. Dallas Cty.*, 495 F. Supp.

3

3d 441, 459 (E.D. Tex. 2020); *see also Morales-Garza v. Lorenzo-Giguere*, 277 F. App'x 444, at *2 (5th Cir. 2008) ("HAVA does not provide the declaratory relief sought by [plaintiff]."). The same is true for the Federal Election Records laws; rather, "the enforcement mechanism appears to rest with the Attorney General of the United States or his representative." *Fox v. Lee*, No. 18-529, 2019 WL 13141701, at *1 (N.D. Fla. Apr. 2, 2019) ("In a word, 52 U.S.C. § 20701 does not confer a private right of action on Plaintiffs."). The Louisiana Election Code likewise does not provide a private right of action. *Treen v. Republican Party of La.*, 768 So.2d 273, 279 (La. App. 1 Cir. 2000) ("[T]he Louisiana Election Code does not provide for a citizens suit, or a 'qui tam action' for the enforcement of regulatory statutes against violators if the district attorney or attorney general fails to enforce the code.").

Further, to the extent plaintiff alludes to constitutional claims, he fails to plausibly allege a non-conclusory, non-speculative constitutional claim or injury. *See Kimble v. Parish of Jefferson*, No. 21-409, 2021 WL 6520212, at *3 (E.D. La. Dec. 20, 2021) ("[V]ague and conclusory allegations . . . do not suffice to state a federal claim or to establish a

4

likelihood of success on the merits."); *see also Bush v. Monroe*, No. 17-541, 2018 WL 4648732, at *5 (E.D. Tex. July 30, 2018) ("Because [plaintiff's] claims of a constitutional violation are general, vague, speculative, and conclusory, his allegations . . . should be dismissed."). Accordingly, plaintiff's motion for a TRO is denied.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for a TRO is DENIED.

New Orleans, Louisiana, this __25th__ day of August, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE