**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| JACQUES L. SOUDELIER,<br><br>*Plaintiff,*<br><br>v.<br><br>DEPARTMENT OF STATE LOUISIANA; and R. KYLE ARDOIN, *in his official capacity as Secretary of State of Louisiana*,<br><br>*Defendants.* | Civil Action No. 2:22-CV-02436-SSV-DPC<br><br>Judge Sarah S. Vance<br><br>Magistrate Judge Donna Phillips Curcault |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER**

This memorandum is filed on behalf of the Defendants, the Department of State for Louisiana, and R. Kyle Ardoin, in his official capacity as the Secretary of State for the State of Louisiana ("Defendants"), who have moved that the purported federal and state claims alleged by the Plaintiff be dismissed pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. In the alternative, if the Court decides to only dismiss Plaintiff's proposed federal claims, Defendants move that the Court decline to exercise supplement jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1376(a)(3). Finally, should the Court decline to dismiss Plaintiff's claims, Defendants move that this civil action be transferred to the United States District Court for the Middle District of Louisiana. In support of these motions, Defendants show the Court as follows.

**STATEMENT OF THE CASE**

The original Complaint in this case was filed on August 1, 2022. (D.E. 1). In the Complaint, Plaintiff requested that the Court grant an "emergency injunction" or a temporary restraining order ("TRO"). (*Id.* at p 20). Defendants were not served with the original Complaint

until August 16, 2022.[1] On August 25, 2022, the Court denied Plaintiff's motion for a TRO[2]. (D.E. 13). Defendants' Motion to Dismiss is being filed contemporaneously with this memorandum.

**RELEVANT ALLEGATIONS IN PLAINTIFF'S COMPLAINT**

The Complaint allegedly prepared by this *pro se* plaintiff is nearly identical to two other purported *pro se* cases, recently filed in the United States District Court for the Middle District of Louisiana and the United States District Court for the Western District of Louisiana. *See Jerusalem v. Department of State Louisiana, et al.*, No. 3:22-CV-00516-SDD-EWD (M.D. La. July 28, 2022) (D.E. 1); *Jungemann v. Department of State Louisiana, et al.*, No. 1:22-CV-02315-EEF-JPM (W.D. La. August 12, 2022) (D.E. 3). In all three complaints, in "Count I," Plaintiffs alleged claims under "Louisiana Election Laws" and the "HAVA Act," based upon Defendants' alleged failure to use certified electronic voting systems to conduct elections in Louisiana. (*See e.g.*, D.E. 1 at p 10). Plaintiffs contend that Defendants' alleged failure to use certified electronic voting systems violates 52 U.S.C. § 20971 and several Louisiana statutes. (D.E. 1 at pp 12–18). Plaintiffs also contend that allowing elections to proceed using "uncertified machines" violates their rights under the Fourteenth Amendment and several other Louisiana state statutes. (*Id.* at p 20). In "Count II," all three plaintiffs seek a "Declaratory Judgment" that Defendants be ordered to retain election records according to the requirements of 52 U.S.C. § 20701 and § 20705. (*Id.* at pp 18–19).

---

[1] On August 12, 2022, Plaintiff filed an Amended Complaint. (D.E. 3). The only difference between the original and amended complaints is the title of the documents. (*Compare* D.E. 1 *with* D.E. 3). All facts, allegations, and claims therein are virtually identical. (*See id.*). Though Defendants have not yet been served with the Amended Complaint, the same arguments for dismissal set forth herein apply. Defendants reserve the right to object to the Amended Complaint on the grounds of improper service pursuant to Fed. R. Civ. P. 12(b)(5) should Plaintiff fail to properly execute service of process on Defendants.

[2] Plaintiff filed a purported Motion for Temporary Restraining Order on August 19, 2022. (D.E.4). The only difference between the Motion for TRO, the original Complaint, and the Amended Complaint is the title of the documents. (Compare D.E. 4 with D.E. 1 and D.E. 3). Though Defendants were not served with the Motion, this Court denied it in its entirety on August 25, 2022. (D.E. 13).

## ARGUMENT

### I. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss a complaint on the grounds that it fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lincoln v. Turner*, 874 F.2d 833, 839 (5th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A *pro se* plaintiff's pleadings are construed liberally. *Levitt v. Univ. of Texas at El Paso*, 847 F.2d, 221, 224 (5th Cir. 1988); *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That said, even *pro se* complaints "must set forth facts giving rise to a claim upon which relief may be granted." *Levitt*, 847 F.2d at 224 (internal citation omitted). Under this standard Plaintiff's Complaint should be dismissed as the Court has already recognized Plaintiff's complaint does not state a claim upon which relief can be granted. (D.E. 13 at pp 3-5).

Regarding Plaintiff's federal claims, in Count I, Plaintiff relies upon the Help America Vote Act ("HAVA"), 52 U.S.C. § 20971(b) (formerly 42 U.S.C. § 15371(b)). (D.E. 1 at p 15). In Count II, Plaintiff relies upon the Federal Election Records ("FER") laws, 52 U.S.C. § 20701. (*Id.* at p 18). In Count II, Plaintiff claims that alleged violations by Defendants of various Louisiana Election Code provisions also violate Plaintiff's rights under the Fourteenth Amendment. (*Id.* at 20). Neither of Plaintiff's "Counts" state claims upon which relief can be granted.

First, Plaintiff has not stated a claim under federal law. As already noted by the Court, HAVA does not provide for a private right of action. *See Morales-Garza v. Lorenzo-Giguere*, 277 Fed. Appx. 444, 445 (5th Cir. 2008) (per curiam) ) ("HAVA does not provide the declaratory relief sought by [plaintiff]."); *see also Sandusky Cnty. Democratic Party v. Blackwell*, 387 F.3d 565, 572

(6th Cir. 2004) ("HAVA does not itself create a private right of action."); *Brunner v. Ohio Republican Party*, 555 U.S. 5, 5 (2008) (per curiam). (D.E. 13 at pp 3–4 (citing *Texas Voters All v. Dallas Cty.*, 495 F. Supp. 3d 441, 459 (E.D. Tex 2020)). Even assuming HAVA provided a private cause of action in some circumstances, the provisions of HAVA cited by the Plaintiff related to the certification of voting systems are clearly optional. *See* 52 U.S.C. § 20971(a). Next, as also recognized by the Court, the FER does not create a private right of action. (D.E. 13 at p 4 (citing *Fox v. Lee*, No. 18-529, 2019 WL 13141701, at *1 (N.D. Fla. Apr 2, 2019))). Instead, the FER Act is enforced exclusively by the Attorney General. *Id.* Finally, Plaintiff's "vague and conclusory allegations" fail to state a claim for violation of Plaintiff's rights under the Fourteenth Amendment. (*Id.* (citing *Kimble v. Parish of Jefferson*, No. 21-409, 2021 WL 6520212, at *3 (E.D. La. Dec. 20, 2021); *Bush v. Monroe*, No. 17-541, 2018 WL 4648732, at *85 (E.D. Tex. July 30, 2018))).

Plaintiff's attempt to allege state law claims fares no better. The Louisiana Election Code does not provide for a private right of action and instead may only be enforced by the local district attorneys or the Attorney General of Louisiana. (D.E. 13 at p 4 (citing, *Treen v. Republican Party of La.*, 768 So.2d 273, 278 (La. App. 1 Cir. 2000))). Like Plaintiff's defective pleadings concerning alleged federal law claims, Plaintiff's allegations regarding the Louisiana Election Code do not state a claim upon which relief can be granted.

## II. THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE CLAIMS.

In the unlikely event that the Court decides to dismiss only Plaintiff's purported federal causes of action for failure to state a claim, the Court should decline to exercise jurisdiction over Plaintiff's state claims and dismiss this action for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and the burden is on the party asserting federal court jurisdiction

to "allege a plausible set of facts establishing jurisdiction." *Physician Hospitals of America v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (defining a plaintiff's burden of proof under Fed. R. Civ. P. 12(b)(1)).

The Court's jurisdiction over Plaintiff's state law claims is governed by 28 U.S.C. § 1367(a). This statute allows the Court to exercise "supplemental jurisdiction" to hear and decide state law claims when they "are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). But "[u]nder § 1367(c)(3), 'the district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it had original jurisdiction.'" *Rhyne v. Henderson Cty.*, 973 F.2d 386, 395 (5th Cir. 1992) (quoting 28 U.S.C. § 1367(c)) (holding that district court's dismissal of a cause of action under the law of the State of Texas was proper when the underlying federal question was dismissed, stripping the court of original jurisdiction). Typically, "[w]hen district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims." *Artis v. District of Columbia*, 138 S.Ct. 594, 597–98 (2018).

Even under the most liberal construction of Plaintiff's complaint, Plaintiff has clearly failed to state a federal cause of action upon which relief can be granted. Upon the dismissal of Plaintiff's federal claims, there will be no claims remaining for the Court to continue to exercise its original federal question jurisdiction. As a result, the Court should decline supplemental jurisdiction and dismiss Plaintiff's remaining state law claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, even assuming that Plaintiff has stated a claim upon which relief can be granted under the laws of Louisiana.

## III. IN THE ALTERNATIVE, SHOULD THE COURT DECLINE TO DISMISS PLAINTIFF'S COMPLAINT, IT SHOULD TRANSFER THIS CIVIL ACTION.

Should the Court decline to dismiss Plaintiff's Complaint, it should transfer this matter for consolidation with *Jerusalem v. Department of State Louisiana, et al.*, No. 3:22-CV-00516-SDD-EWD (M.D. La. July 28, 2022), in the Middle District of Louisiana under the first-to-file rule and 28 U.S.C. § 1404.

"The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721,728 (5th Cir. 1985). As such, the Fifth Circuit Court of Appeals recognizes the "first-to-file" rule, which generally provides that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Finance Corp.*, 121 F.3d 947, 950 (5th Cir. 1997) (citations omitted). The first-to-file rule applies when related cases with "substantial overlap" are filed either in the same or different districts. *Id.* (citing *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992)). The rule does not require identical parties. *See id.* at 950-51. Instead, substantial overlap requires a determination of whether "the core issue . . . was the same" or whether "much of the proof adduced . . . would likely be identical." *International Fidelity Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (internal quotations omitted).

Here, there is substantial overlap as all three plaintiffs have filed nearly identical complaints and sue the same Defendants (the Department of State of Louisiana and the Secretary of State). As the Middle District matter was filed first, on July 28, 2022, and is further along in its proceedings, this matter should be transferred to the Middle District or, at a minimum, stayed

pending the outcome in *Jerusalem v. Department of State Louisiana, et al.*, No. 3:22-CV-00516-SDD-EWD (M.D. La. July 28, 2022).

Additionally, good cause exists to transfer this matter to the United States District Court for the Middle District of Louisiana. 28 U.S.C. § 1404 provides that a case may be transferred to another proper venue "[f]or the convenience of the parties and witnesses, in the interest of justice" for good cause. "Good cause is shown 'when the movant demonstrates that the transferee venue is clearly more convenient.'" *Louisiana Forestry Ass'n, Inc. v. Solis*, 814 F. Supp. 2d 655, 658 (W.D. La. 2011) (quoting *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)). The Fifth Circuit considers several public and private interest factors to determine whether a different venue is convenient and if transfer is in the interests of justice. *See id.* (quoting *In re Volkswagen*, 545 F.3d at 315 and listing four private interest and four additional public interest factors). Here, plaintiffs have sued the Louisiana Secretary of State and his office only a short time before a major national election. The Secretary of State and Department of State's headquarters are located in Baton Rouge, Louisiana. Administration of this case outside of Baton Rouge would put significant strains on an already busy department with personnel engaged in administering the election, and would cost taxpayers significant time and resources that could otherwise be spent in administration of the 2022 election. The overwhelming public interest, as well as convenience of trying this matter in the jurisdiction where Department of State records are stored, amount to good cause to transfer this matter to the Middle District of Louisiana for consolidation with *Jerusalem v. Department of State Louisiana, et al.*, No. 3:22-CV-00516-SDD-EWD (M.D. La. July 28, 2022).

**CONCLUSION**

For the reason stated above, the Court should dismiss Plaintiff's claims with prejudice. In the alternative, the Court should transfer this civil action to the United States District Court for the Middle District of Louisiana.

Respectfully submitted, this the 6th day of September, 2022.

/s/ Phillip J. Strach
Phillip J. Strach*
phillip.strach@nelsonmullins.com
*Trial Attorney*
Thomas A. Farr*
tom.farr@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Ph: (919) 329-3800
Fax: (919) 329-3799

/s/ *John C. Walsh*
John C. Walsh, LA Bar 'Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P**
Baton Rouge, LA 70821
Ph: (225) 383-1461
Fax: (225) 346-5561
Email: john@scwllp.com

*Admitted pro hac vice*

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of September, 2022, I served the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND ALTERNATIVE MOTION TO TRANSFER** upon the following persons via United States Mail, postage fully prepaid:

Jacques L. Soudelier
1344 Hickory Ave, Apt. B
Harahan, LA 70123

/s/ Phillip J. Strach
Phillip J. Strach