U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED SEP 27 2022
CAROL L. MICHEL
CLERK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

JACQUES L. SOUDELIER,
Plaintiff,

Case No. **2:22-CV-02436-SSV-SPC**

v.

DEPARTMENT OF STATE LOUISIANA,
R. KYLE ARDOIN SECRETARY OF STATE
Defendants.

______________________________________/

Jacques L. Soudelier, Pro Se
1344 Hickory Ave. Apt B
Harahan, LA, 70123
(985) 709-7755
jacquessoudelier@gamil.com

______________________________________/

**PLAINTIFF'S MOTION IN OPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Plaintiff respectfully requests the court to consider the following objections, facts and corrections contained herein to the Defendant's motion to dismiss and transfer served on September 6th, 2022.

**Counts 1 & 2**

Counts 1 & 2 in Defendant's memorandum to dismiss, council's argument is Plaintiff's complaint fails to state a claim upon which relief can be granted and cites lack of cause of action in HAVA and Louisiana statute. The Plaintiff indeed states claims in the prayers for relief in the complaint.

**Plaintiff also disagrees with the lack of cause of action**. Apparently, so does opposing council by citing "first to file" rule and requests for a transfer. Plaintiff cited various statutes, but the core issue is Plaintiff's 14th Amendment right to an un-diluted vote and right to transparency.

**Preservation of 2020 election data.**

Plaintiff has made multiple requests for the data in question in the complaint and waited the appropriate time allotted by LA RS 44. Plaintiff has not received any data asked for.

Part of suit is to discover the extent of vulnerabilities of ICX and other digital machines as well as examine the totality of 2020 election data to determine if Plaintiff's vote was diluted in violation of his 14th Amendment voting rights. It is reasonable to suspect that this information

will lead to the discovery of admissible evidence. Any perceived failure to state a claim is not for lack of injury, but because information that so far has been denied to plaintiff is necessary to determine the extent of any injury.

**Plaintiff will suffer irreparable harm if election records are destroyed.** If defendant were to destroy data from the 2020 election while it were under public records requests it would cause irreparable harm to plaintiff and to voter integrity, voter confidence, and disenfranchise every single Louisiana voter.

**Defendant agrees with plaintiff that 2020 data must be preserved.**

On August 19th, Defendant issued a Records Retention order to elections staff statewide including many of the records requested by Plaintiff. However, this order can be rescinded by defendant and requested data can be destroyed unilaterally without respect to plaintiff's rights.

**Per page 4 of the Defendant's memorandum to dismiss**, argument II The Court should decline supplemental jurisdiction over Plaintiff's state claims. The Plaintiff firmly disagrees. The right of the plaintiff to vote is indeed a Constitutional right, it is only the mechanisms and mechanics of the voting process that are determined by the duly elected state legislators of the state of Louisiana and carried out by Defendant(s) through various policies, procedures, procurement of equipment, etc. This court is the only and proper court of jurisdiction regarding issues of voting rights and voter integrity. Opposing council also cites "first to file" rule in their motion, thus admitting jurisdiction for the suit is proper.

**Per page 6 of the Defendant's memorandum to dismiss**, argument III in the alternative, should the court decline to dismiss Plaintiff's complaint, it should transfer to consolidate. The Plaintiff realizes this may be more of a formality to include both motions, yet Defendant seems to agree that there is merit to the issues raised, otherwise confidence in their position would need only the motion to dismiss. The request for transfer indicates merit, proper jurisdiction and standing; Plaintiff agrees.

Plaintiff would also like to thank opposing council for the brevity of their motion.

Respectfully submitted,

Jacques L. Soudelier, Pro Se
1344 Hickory Ave. Apt B
Harahan, LA, 70123
(985) 709-7755
jacquessoudelier@gamil.com

Dated: September 27, 2022

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th day of September 27, 2022, I filed in person with the court a true and correct copy of the foregoing PLAINTIFF'S MOTION IN OPOSITION TO DEFENDANT'S MOTION TO DISMISS. In response to Defendant's Motion to Dismiss and Alternative Motion to Transfer. , and a copy has been furnished to all parties or their council by U.S. Mail at the address provided by the collective Defendant's attorney's office.

____________________________________

Jacques L. Soudelier, Pro Se Sui Juris in Propria Persona